**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.**

DESIREE DEMAIO, individually and on behalf of all others similarly situated,

               Plaintiffs,

         v.

BATTERIES PLUS, LLC,

               Defendants,

## NOTICE OF REMOVAL

Defendant Batteries Plus, LLC, by and through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, removes the above-captioned civil action currently pending in the Circuit Court of the Seventeenth Judicial District in and for Broward County, Florida, to the United States District Court for the Southern District of Florida. In support of this Notice of Removal, Defendant States:

## BACKGROUND

1.    On September 9, 2025, Plaintiff Desiree Demaio filed a putative class action under the Florida Telephone Solicitation Act ("FTSA") in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, styled *Desiree Demaio v. Batteries Plus, LLC*, Case No. CACE-25-013607 ("State Court Action").

2.    On September 15, 2025, Defendant was served with a copy of the Complaint.

3.    Removal of this Complaint is timely under 28 U.S.C. § 1446(b) because this Notice of Removal was filed within thirty days of Defendant being served with the initial pleading.

4. The United States District Court for the Southern District of Florida is the district within which this action is pending under 28 U.S.C. §§ 1441(a), 1446(a), and is, therefore, the proper venue for this action.

5. In accordance with 28 U.S.C. § 1446(a), a true and correct copy of "all processes, pleadings, and orders" docketed in the State Court Action are attached as **Exhibit A**.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant has given written notice to Plaintiff by contemporaneously serving this Notice of Removal on Plaintiff's counsel.

7. Defendant has not filed a responsive pleading in the State Court Action.

8. Pursuant to 28 U.S.C. § 1446(d), Defendant is also contemporaneously filing a Notice of Removal in the State Court Action.

9. As set forth below, this case is properly removed to this Court because this Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332, 1453 ("CAFA").

## GROUNDS FOR REMOVAL UNDER CAFA

10. There is no presumption against removal under CAFA, "which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co, LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. Based on the Complaint's allegations and the removal exhibits, this Court has subject-matter jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d), because: (i) the putative class consists of at least 100 proposed class members, § 1332(d)(5)(B); (ii) the citizenship of at least one putative class member is different from that of Defendant, § 1332(d)(2)(A); and (iii) the aggregate amount placed in controversy by the claims of Plaintiff and the putative class

members exceed $5,000,000, exclusive of interests and costs. § 1332(d). *See S. Fla. Wellness v. Allstate Ins. Co.,* 745 F.3d 1312, 1315 (11th Cir. 2014).

A.  **The Putative Class Consists of at Least 100 Proposed Class Members**

12. To qualify for removal under 28 U.S.C. § 1332(d)(2), Defendant must first establish Plaintiff's putative class contains 100 or more members. See 28 U.S.C. § 1332(d)(5)(B).

13. Plaintiff alleges in the Complaint "that the proposed class exceeds 100 members." Compl. ¶ 26. Thus, the aggregate number of putative class members is at least 100 for the purposes of § 1332(d)(5)(B). *Perret v. Wyndham Vacation Resorts, Inc.,* No. 11-CV-61904, 2012 WL 592171, at *2 (S.D. Fla. Feb. 22, 2012) (class-member size for the purposes of CAFA may include "potential" putative class members).

B.  **The Citizenship of at Least One Putative Class Member is Diverse from Defendant.**

14. Minimal diversity of citizenship, as required by CAFA, exists between Defendant and Plaintiff and/or the putative class members. *See* 28 U.S.C. § 1332(d)(2)(A) (requiring that "any member of a class of plaintiffs [be] a citizen of a State different from any defendant").

15. Here, Plaintiff alleges she is a Florida citizen. Compl. ¶ 14.

16. Defendant is a limited liability company. It is organized under the laws of the State of Wisconsin and has its principal place of business in the State of Wisconsin. Thus, it is a citizen of the State of Wisconsin for the purposes of Section 1332.

17. Because Plaintiff and Defendant are citizens of different states, the required minimal diversity exists under Section 1332(d)(2)(A).

C.  **The Aggregate Amount in Controversy Exceeds $5,000,000 Exclusive of Interests and Costs.**

18. Under CAFA, the claims of the individual class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiff's putative class claims meet this jurisdictional threshold.

19. The amount in controversy is "an estimate of how much will be put at issue during the litigation," rather than "a prediction of how much the plaintiffs are ultimately likely to recover." *S. Fla. Wellness,* 745 F.3d at 1315 (internal citations and quotation marks omitted). Defendant's "notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin,* 574 U.S. at 89 (emphasis added).

20. Plaintiff seeks to certify a class of "All persons and entities that reside in Florida whose caller identification service was transmitted a telephone number that was not capable of receiving telephone calls when [Defendant's] Text Message Sales Calls were made to them since July 1, 2021." Compl. ¶ 25.

21. Plaintiff alleges that every text message sent by Defendant "transmitted to Plaintiffs' caller identification service a telephone number that was not capable of receiving telephone calls." Compl. ¶¶ 33–34. Plaintiff further alleges that Defendant is liable for $500 "for each violation," *i.e.* for every text message. Compl. ¶ 35.

22. Upon information and belief, Defendant may have sent over 10,000 text messages to the putative class members (*i.e.* residents of Florida) since July 1, 2021. At $500 per alleged violation, this would exceed the $5 million amount in controversy requirement under CAFA.

23. Plaintiff also requests an injunction "requiring Defendant to transmit to Plaintiffs' caller identification services a telephone number that is capable of receiving telephone calls when making Batteries Plus Text Message Sales Calls[.]" Compl. at p. 11. The injunctive relief sought has additional value under the CAFA amount in controversy test *Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 925 (11th Cir. 2019) ("[F]or purposes of CAFA, we aggregate the claims of

individual class members and consider the monetary value that would flow to the entire class if injunctive or declaratory relief were granted." (internal brackets and quotation marks omitted)).

24. In sum, because (i) the putative class has more than 100 members, (ii) there is minimal diversity between the parties, and (iii) the amount in controversy exceeds $5,000,000, this case is properly removed to this Court pursuant to CAFA. 28 U.S.C. §§ 1332(d), 1453

### RESERVATION OF RIGHTS

25. In filing this Notice of Removal, Defendant does not waive and expressly reserves any defenses, exceptions, rights, and motions. *See, e.g.*, *Kostelac v. Allianz Glob. Corp. & Specialty AG*, 517 F. App'x 670, 675 n.6 (11th Cir. 2013) ("The removal of an action from state to federal court does not waive any rule 12(b) defenses."). No statement or omission in this Notice shall be deemed an admission of any allegation of or damages sought in the Complaint. Similarly, by filing this Notice of Removal, Defendant does not agree that class certification is appropriate and reserves all defenses and arguments concerning the same.

26. Defendant further reserves the right to supplement the evidence of the amount in controversy should this Court so require or should Plaintiff contest it. *See Dart Cherokee Basin*, 574 U.S. at 89 ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

Dated: October 15, 2025

Respectfully submitted,

**LATHROP GPM LLP**

 /s/ *Patricia Lehtinen Silva*
Patricia Lehtinen Silva
Florida Bar No. 107188
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108
Telephone:  (816) 460-2618
patricia.silva@lathropgpm.com

David C. Archer (*pro hac vice forthcoming*)
3100 IDS Center
80 South Eighth Street
Minneapolis, MN  55402
Telephone:  612.632.3000
David.archer@lathropgpm.com

*ATTORNEYS FOR DEFENDANT BATTERIES PLUS, LLC*

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 15, 2025, I e-mailed and caused to be sent via U.S. Mail a copy of the foregoing to:

Joshua A. Glickman, Esq.
josh@sjlawcollective.com
Shawn A. Heller, Esq.
shawn@sjlawcollective.com
Social Justice Law Collective, PL
974 Howard Ave.
Dunedin, FL 34698
Attorneys for the Plaintiff

                                              */s/ Patricia Lehtinen Silva*
                                              Patricia Lehtinen Silva